### In re TRUSTEESHIP OF JONES.■

Franklin County Municipal Court, Ohio.

No. 17810.

Decided April 24, 1995.

48

*Legal Aid Society of Columbus* and *Leslie Varnado, Jr.,* for applicant.

JAMES PEARSON, Judge.

Upon review of the record and the referee's report, it is the court's finding that the referee was correct in his analysis of the issues and application of the law. Accordingly, this court adopts the referee's report and recommendation, attached as an Appendix, as its own.

## APPENDIX

## REFEREE'S REPORT

### Filed April 24, 1995

DENNIS R. KIMBALL, Referee.

This cause came on for hearing before Referee Dennis Kimball on January 26, 1995. Trusteeship applicant Laura D. Jones ("applicant-debtor") was represent-

ed by Attorney Leslie Varnado, Jr. of the Legal Aid Society of Columbus. No creditors appeared at the hearing. Based upon the evidence and argument presented, the referee makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The sole issue for decision in this case is whether the Trusteeship Office of the Clerk ("the Office") is properly calculating the monthly payment required of debtors participating in the Clerk's trusteeship plans. At the present time, the Office calculates the payments by first subtracting federal tax, state tax, local tax and FICA (or PERS or other government retirement) deductions from the debtor's gross pay to determine the debtor's "disposable earnings." The Office then compares that "disposable earnings" amount against an "Exemption Chart," which shows the amount of the "minimum wage" exemptions required by R.C. 2329.66(A)(13)(a)(i). The Office then notes the amount by which the "disposable earnings" amount exceeds the appropriate "minimum wage" exemption (which exemption is based upon the frequency with which the debtor is paid—either weekly, biweekly, semimonthly, or monthly) to determine the debtor's "minimum wage nonexempt" amount. The Office then multiplies the "disposable earnings" amount by twenty-five percent to determine the debtor's "disposable earnings nonexempt" amount and compares that amount to the "minimum wage nonexempt" amount. Finally, the Office takes the lower of those two amounts and applies an accurate formula to convert that amount into a monthly payment amount that it then requires the debtor to pay. The applicant-debtor in this case contends that the calculation used by the Office, specifically the final step which applies a formula to convert the "nonexempt" amount of the debtor's earnings into a monthly payment amount, is contrary to law.

2. The applicant-debtor has a biweekly gross pay of $962.99. As called for in the first step of the Office's calculations, after subtracting her tax, Social Security, and Medicare withholding, the applicant-debtor has a biweekly "disposable earnings" amount of $738.03. As called for in the next step of the Office's calculation, the appropriate "minimum wage" exemption amount ($255 in this case, due to her biweekly pay frequency) is subtracted, leaving a "minimum wage nonexempt" amount of $483.03. Again as called for in the Office's calculations, her "disposable earnings" were multiplied by twenty-five percent to show her "disposable earnings nonexempt" amount to be $184.51. Finally, as again called for in the Office's calculations, the lesser of the two "nonexempt amounts" ($184.51 in this case) is put through the formula to convert it into a monthly payment amount of $399.77. It is that final step which the applicant-debtor claims to be contrary to law.

3. Loc.R. 6.02 of the Franklin County Municipal Court does not designate the actual calculations to be used to figure the monthly amount for trusteeship applicants. However, it does require the applicants to state the "total amount of personal earnings of the applicant earned in a thirty (30) day period" on the application form and to produce paycheck stubs verifying the amount of personal earnings during the preceding thirty days.

4. The applicant-debtor has complied with all of the filing requirements of the Office and is qualified for the appointment of a trustee under R.C. 2329.70.

## CONCLUSIONS OF LAW

The referee finds that the applicant-debtor has proven error in the calculation of the amount of monthly payments she is required to make to participate in this trusteeship. R.C. 2329.70 gives this court power to appoint the clerk of this court as a trustee "to receive that portion of the personal earnings of the debtor that is not exempt from execution, attachment, or proceedings in aid of execution, and such additional sums as the debtor voluntarily pays or assigns to the trustee." The issue raised by the applicant-debtor is whether the last step performed in the Office's calculation of her monthly payment (the step which takes the "nonexempt amount" of her biweekly paycheck and more than doubles that amount) complies with R.C. 2329.70 and other related statutes. The referee notes and the applicant-debtor does not dispute that the preceding steps employed by the Office (where the "minimum wage nonexempt" amount and the "disposable earnings nonexempt" amount of the applicant-debtor's earnings are computed and compared, and where the lesser of the two "nonexempt amounts" is then chosen) do comply with R.C. 2329.70 and other related statutes.

R.C. 2329.66(A)(13) designates the amount of personal earnings that are exempt from execution, garnishment or attachment. As noted above, all of the calculations employed by the Office up to the last step properly employ the exemption formula spelled out by R.C. 2329.66(A)(13). However, the last step in the Office's calculation (by which it more than doubles the lesser of the two "nonexempt amounts" because of the applicant-debtor's biweekly pay frequency) is not supported in R.C. 2329.66(A)(13). This referee is not aware of any provision of state law relevant to exempt personal earnings that would support that last step in the Office's calculations. R.C. 2716.03(B) prohibits the garnishment of personal earnings of any judgment debtor sooner than thirty days after the filing of the last successful garnishment. That section, when read together with R.C. 2329.66(A)(13), in effect creates a partial exemption from garnishment in only one paycheck during any thirty-day period, with all other paychecks during that period enjoying a total exemption from garnishment. The referee submits that the trusteeship in this case must also recognize that same exemption

scheme. Thus, the referee concludes that the final step used by the Office more than doubling the applicant-debtor's "nonexempt amount" of her biweekly paycheck is contrary to law.

■ The referee notes that the result of this case would place the applicant-debtor in a favored position compared to those who have the same monthly disposable earnings who are paid semimonthly or monthly. Such other applicants who receive the same monthly disposable earnings as the applicant-debtor but who are paid less frequently than she is must pay more of their monthly income into a trusteeship under this analysis. Indeed, the Office appears to have instituted the disputed calculation as an attempt to even out the advantage the applicant-debtor receives under this analysis. However, the advantage she receives by this analysis does not arise from the trusteeship statutes, but rather from the garnishment exemption scheme as stated in R.C. 2329.66(A)(13) and 2716.03(B). This referee is not aware of any successful challenge to that exemption scheme on equal protection or other grounds. Thus, the referee submits that the exemption scheme stated by those statutes must be recognized in calculating the payment required by the applicant-debtor.

## REFEREE'S RECOMMENDATION

The referee recommends that the trusteeship be approved and that the applicant-debtor be ordered to pay $184.51 a month at a time and in a manner designated by the Trusteeship Office of the Clerk.